IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CONNIE RAY ISRAEL,

    Plaintiff,
v.                                                       CASE NO. 1:22-cv-150-AW-GRJ

SERGEANT T. BARNETT, et al.

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Connie Ray Israel ("Israel"), is an inmate in the custody of the Florida Department of Corrections. Israel initiated this case by filing a *pro se* civil rights complaint pursuant to 48 U.S.C. § 1983. ECF No. 1. In the Complaint, Israel alleges that Defendant Sergeant T. Barnett assaulted him while he was in custody, in violation of his Eighth Amendment rights; that Defendant prison official L. Thomas witnessed the assault and failed to intervene; and that Defendant prison official R. Collins attempted to cover-up the alleged assault. *Id*. at 5-9. Israel also alleges that all three Defendants used racial epithets during their encounters with him. For relief, Israel seeks $150,000 in monetary damages against Sergeant T. Barnett, who is sued in his individual capacity. *Id*. at 10, 2.

Israel also seeks leave to proceed as a pauper. ECF No. 2. Because Israel is a three-striker who does not allege imminent danger of serious physical injury, this case is due to be dismissed without prejudice under 28 U.S.C. § 1915(g).

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

In this case, Israel has run afoul of 28 U.S.C. §1915(g) three-strikes rule. Israel previously filed at least three cases in the Northern and Middle Districts of Florida which were dismissed as frivolous, malicious, or for

failure to state a claim upon which relief may be granted. *See Connie Ray Israel v. Bayer Corp., et al.,* No. 3:04-cv-540-TJC-MCR (M.D. Fla.) (dismissed as frivolous); *Connie Ray Israel v. Inch, et al.,* No. 1:21-cv-82-AW-GRJ (N.D. Fla.) (dismissed as malicious for abuse of judicial process); *Connie Ray Israel v. Warden, et al.,* No. 4:21-cv-268-AW-GRJ (N.D. Fla.) (dismissed for failure to state a claim). The Court has confirmed that the plaintiff in those three cases is the same as the plaintiff in this case, having a Florida Department of Corrections inmate #065135. Israel is, therefore, barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Even liberally construed, there are no factual allegations suggesting that Israel's claims pertain in any way to an imminent danger of serious physical injury. *See* ECF No. 1.

As a result, the Court concludes that the three-strikes provision of 28 U.S.C. § 1915(g) bars Israel from bringing this case as a pauper. A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in

forma pauperis pursuant to the three-strikes provision of § 1915"). Israel did not pay the filing fee at the time he initiated this suit. This case is thus due to be dismissed.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to proceed in forma pauperis, ECF No. 2, should be **DENIED**; and

2. This case should be **DISMISSED without prejudice** pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** in Gainesville, Florida this 6th day of July 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**